GEORGE RODENBURG, APPELLEE, v. CLINTON AUTO AND
GARAGE COMPANY, APPELLANT.

Submitted March 20, 1913—Decided June 12, 1913.

A corporation engaged in the business of renting out automobiles
driven by its regularly employed drivers, having an understand-
ing with a regular customer to carry also such persons as he
invites to ride with him, is liable to one so riding by his invita-
tion for damages sustained through the negligence of the driver
in operating the automobile, unless it appear that the customer
has exercised such control over the operation of the car as to
make the negligent act of the driver his own.

On appeal from the Hudson Circuit Court.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *Vredenburgh, Wall & Carey.*

For the appellee, *Weller & Lichtenstein.*

The opinion of the court was delivered by

PARKER J.    The suit was to recover damages for personal
injuries.    Defendants were engaged in the business of auto-
mobile livery, renting out automobiles driven by chauffeurs of
their own selection and paid by them.    One Buhler was one of
their regular customers, and on the occasion in question he
hired of the defendants by telephone a five-passenger car with
driver, to meet him at a specified place and invited plaintiff
to ride with him.    Buhler was well known to defendant, and
it was open to the jury to find that defendant understood and
expected that he would utilize the capacity of the car by
having others besides himself ride therein.    While plaintiff was
so riding, and while the car was traveling toward a destination
indicated by Buhler, the driver tried to crowd between a stand-
ing truck and the curb, the truck horses moved, and this led
to a minor collision in which plaintiff was injured.

It was plainly a question for the jury whether the driver of the automobile should, in the exercise of due care, have tried to get through this narrow opening. The main proposition argued on this appeal is that as to the defendants the plaintiff was a trespasser or at best a licensee, and that they owed him no duty of care and were only required to abstain from willful injury. Upon this proposition rest the requests to charge from No. 2 to No. 7, inclusive, No. 1 being waived. Nos. 8 and 9 are based on the claim that the chauffeur was the servant of Buhler at the time and not of the defendants; and No. 10, that the proximate cause of the accident was the moving of the van horses. The appeal rests on the refusal of all these requests and the refusal to nonsuit, on grounds covered by them.

As to proximate cause, it was clearly a jury question whether the accident resulted from the concurrent negligence of the van driver leaving his horses unattended (if, indeed, that was negligent; see *Belles* v. *Kellner*, 38 *Vroom* 255) and of the chauffeur in attempting to pass under the circumstances. Hence, the tenth request was properly refused.

The question whether the chauffeur was the servant of Buhler or of the defendant was left to the jury; and this was certainly quite as favorable to defendant as it could expect. Normally, the driver of a hired conveyance when furnished and paid by the owner thereof is the servant of such owner and not of the hirer. The whole question was thoroughly discussed in *New York, &c., Railroad Co.* v. *Steinbrenner*, 18 *Vroom* 161. The question there involved was whether contributory negligence of the driver could be imputed to the hirer as master, and it was held that it could not unless the hirer exercised such control as to make the act of the driver his own. That ruling is applicable in the case at bar. It is claimed that such control was exercised; but to say the least, the evidence falls far short of removing this question from the domain of the jury.

The point most urgently pressed is that the plaintiff was not in the car by any express or implied invitation of defend-

ants. Not only was this a jury question, but, we think, the evidence satisfactorily establishes that he was there by invitation; that they rented and received pay for the car from Buhler for the use of Buhler and his guests, up to the reasonable capacity of the car, and as the trial judge put it in his charge, the question was whether they, "expressly or impliedly, authorized Ellerman, their servant, to receive Rodenburg into the car and to carry him as a passenger therein upon the invitation of Buhler, who rented the car." If so—and the jury evidently so found—the duty of the defendants was similar to that which the owner of an apartment-house owes to visitors of his tenants with regard to the condition of the common passages, &c. *Gleason* v. *Boehm, 29 Vroom* 175. While plaintiff was so riding in their car, driven by their driver, they owed him the duty at least of reasonable care for his safety, and the failure of their driver to use such care would render them liable in the absence of contributory negligence. Requests 2 to 7, inclusive, were properly denied.

These considerations dispose also of the motion to nonsuit. The judgment will be affirmed.